# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAY LOY,**

    **Petitioner,**

**v.**                                                                               **Civil No. 1:13-cv-117**

**EVELYN SEIFERT**

    **Respondent.**

## REPORT & RECOMMENDATION

### *I. INTRODUCTION*

On March 28, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Attached to the petition were several exhibits, including the state court order denying habeas relief, the notice of appeal of that decision, and the West Virginia Supreme Court's memorandum decision affirming the lower court. After Petitioner paid the filing fee, the Court undertook a preliminary review of the petition and found that summary dismissal was not appropriate. Accordingly, the Court ordered Respondent to answer. Near the end of a sixty day extension granted to Respondent to answer, she filed a motion to dismiss the petition as untimely. It is this motion which the Court now visits.

### *II. PROCEDURAL HISTORY*

**A. Petitioner's Conviction and Sentence**

On September 12, 2007, a Hancock County Grand Jury returned an indictment charging Petitioner with Sexual Assault in the Second Degree, two counts of Possession of Material Depicting Minors Engaged in Sexually Explicit Conduct, and two counts of Use of Minors to Produce Obscene Matter or Assist in Doing Sexually Explicit Conduct. By order entered March 18, 2008, the trial court, over Petitioner's objection, granted the State's motion to dismiss its indictment without prejudice. (Doc.

1

28-1, p.2).

Based upon supplemental information provided by the United States Attorney's Office for the Northern District of West Virginia, the State filed a superceding indictment on April 8, 2008, charging Petitioner with thirteen counts of Second Degree Sexual Assault, Possession of Material Depicting Minors Engaged in Sexually Explicit Conduct, and Use of Minors to Produce Obscene Matter or Assist in Doing Sexually Explicit Conduct. (Case No. 08-F-71) (*Id.*at 3).

On July 24, 2008, pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, Petitioner presented a written plea agreement to the Circuit Court of Hancock County for consideration. In essence, the plea agreement stated that Petitioner would plead guilty to ten counts of Use of Minors in Filming Sexually Explicit Conduct as set forth in the Information filed by the State in Hancock County Circuit Court Case No. 08-F-105. The plea agreement contemplated that Petitioner would serve the maximum possible sentence of eighteen and one-half years on his determinate thirty-seven year sentence. In exchange for his plea of guilty to the Information, the State would dismiss Case No. 09-F-71 and not file any proceeding alleging that Petitioner was a habitual offender.(*Id*. at 4). The plea agreement as well as Petitioner's plea of guilty to all counts set forth in the Information was then accepted by the Court. Accordingly, a sentencing order was entered by the Court on August 14, 2008, reflecting the same. (*Id.*).

B. **Petitioner's Direct Appeal**

The petitioner did not file a direct appeal of his conviction.

C. **Petitioner's State Habeas Proceedings**

Petitioner filed a *pro se* petition for post-conviction relief with the Hancock County Circuit Court on March 19, 2009. The state habeas court appointed counsel, who filed an amended petition on August 17, 2011, alleging the following grounds for relief:

2

1. Petitioner entered into the plea agreement under factual duress and as a result of perceived coercion.

2. The State search warrant was invalid.

3. Petitioner received ineffective assistance of counsel throughout the proceedings.

4. Magistrate Hicks was not a "neutral, detached" magistrate as required by the Fourth Amendment to the United States Constitution.

5.&6. The search warrant was based upon lies.

7. The State failed to disclose exculpatory evidence.

8. The Court should have inquired as to whether the search warrant was valid.

9. There was insufficient evidence to convict Petitioner.

The state habeas court held an omnibus evidentiary hearing on August 18, 2011. By order entered October 26, 2011, the state habeas court denied Petitioner relief. (Doc. 28-1). Petitioner filed a petition for appeal with the WVCSA on November 18, 2011. The Court denied Petitioner's appeal by memorandum opinion published on February 11, 2013. (Doc. 1-5).

### III. DISCUSSION

In support of the motion to dismiss, Respondent contends that Petitioner's conviction became final on November 25, 2008. Therefore, Respondent argues that the federal petition, or a state petition for habeas corpus activating the tolling provision, must have been filed by November 23, 2009. Respondent goes on to argue that because the state petition was not filed until March 2009, the instant petition is clearly untimely. The motion rests on this argument.

Section 2244(d) provides, in relevant part,[1] that a "1-year period of limitation shall apply to an

---

[1] There is no allegation of a state impediment, newly minted constitutional law made retroactive, or newly discovered evidence. Thus, the other triggering dates in the statute are inapplicable.

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period is tolled during any state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). The habeas statute is clear that the statute of limitations begins to run at the conclusion of direct review of the conviction, or the time expires to seek such review. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. *Hernandez v. Caldwell*, 225 F.2d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period under this subsection." 28 U.S.C. § 2244(d)(2); *Id*. at 327.

As previously noted, Petitioner did not seek direct review of his conviction. The West Virginia Revised Rules of Appellate Procedure did not become effective until December 1, 2010. Under Rule 5(b) of the Revised Rules, a petitioner has thirty days to file a notice of appeal. However, pursuant to the West Virginia Rules in effect at the time Petitioner was sentenced, a petitioner had four months in which to timely petition for direct appeal.[2] Therefore, Petitioner's conviction became final on November 25, 2008, the date his right to file a direct appeal expired, and the one year statute of limitation began to run. Accordingly, absent a tolling event, the last date on which Petitioner could have filed a timely federal habeas petition was November 25, 2009.[3] Inexplicitly, Respondent argues

---

[2]Respondent concedes that since the Revised Rules were not in effect at the time of Petitioner's conviction, it would be patently unfair for this Court to apply them to his conviction.

[3]Adding one day pursuant to Federal Rule of Civil Procedure 6(a). *See* Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) Respondent noted the date as November 23, 2008, but this is likely a typo.

that petitioner did not file a petition for post-conviction relief in State court until March 19, 2009, well after the one-year statute of limitations had expired.

As noted, this is where the analysis in the motion to dismiss ends, and it is clearly erroneous. First, Petitioner did file his State habeas petition on March 19, 2009, approximately four months after his conviction became final. The state court denied habeas relief on October 27, 2011. Less than one month later, Petitioner timely filed a notice of appeal of that denial to the West Virginia Supreme Court of Appeals; time which is tolled. *See Carey v. Saffold*, 536 U.S. 214 (2002). The West Virginia Supreme Court affirmed the lower court on February 11, 2013. The clock started ticking again. Petitioner then filed the instant petition on March 28, 2013, approximately a month and a half after the West Virginia Supreme Court affirmed the state habeas court. By the undersigned's estimation, then, roughly five and a half months against the one year has elapsed. Thus, the petition is clearly timely.

## IV. CONCLUSION & RECOMMENDATION

Because the petition for writ of habeas corpus is timely under 28 U.S.C. 2244(d), the undersigned **RECOMMENDS** that Respondent's motion to dismiss (Doc. 27) be **DENIED**, and that Respondent be ordered to answer the merits of the petition.

Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to, and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

---

Either way, two days does not affect the timeliness. Further, even if the Court were to apply the current 30 day window to file an appeal, the petition would *still* be timely.

The Clerk is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, and all counsel of record.

DATED: July 26, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE